*1045 ON PETITION FOR REHEARING
McCORD, Chief Judge.
A petition for rehearing was filed on April 17, 1978, by appellees signed by two attorneys of firms representing appel-lees and listing other attorneys and firms representing appellees. Subsequently, on April 20, 1978, a “Supplemental Petition for Rehearing” was filed by an attorney representing appellees Thomas E. McMillan and Elvira Cochran McMillan. Appellants filed a reply to the petition for rehearing and a pleading entitled “Opposition to Supplemental Petition for Rehearing.” By this latter pleading, appellants requested that this Court deny any consideration of the Supplemental Petition for Rehearing filed by appellees Thomas E. McMillan and Elvira Cochran McMillan contending that said petition is in violation of paragraphs (a) and (e) of Florida Appellate Rule 3.14. The petition is not in violation of paragraph (a) of said Rule because it was filed within 15 days after the filing of this Court’s opinion. Paragraph (e) of said Rule provides as follows:
“e. Only One Petition Allowed. The petitioner shall be entitled to file only one petition for rehearing with respect to the particular decision and no further petition or motion will be received or filed by the clerk or considered by the Court.”
In view of the fact that the Supplemental Petition for Rehearing was timely filed and that it presents an issue that is peculiar to appellees Thomas E. McMillan and Elvira Cochran McMillan and also since it presents a point which we did overlook in our previous opinion, we do not consider that filing of this Supplement on behalf of these two appellees violates the aforesaid rule. These appellees call attention to the fact that they were not joined as party defendants in this cause until June 1, 1976, which was after the expiration of the saving clause provided for in § 95.022, Florida Statutes (1975). Thus, the repeal of § 95.20(1), Florida Statutes (1973), became effective as to appellants in their suit against appellees Thomas E. McMillan and Elvira Cochran McMillan. The statute of limitation specified in § 95.-12, Florida Statutes, bars appellants’ action against said two appellees. Our foregoing opinion is, therefore, modified to the extent that the summary final judgment is affirmed as to Thomas E. McMillan and Elvira Cochran McMillan.
The petition for rehearing of the remaining appellees is denied and the case is remanded for further proceedings consistent herewith.
BOYER and ERVIN, JJ., concur.